**BRIAN T. DUNN, ESQ. (SBN 176502)**
Email: bdunn@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA ARREDONDO, individually and as Successor in Interest to Samuel Arredondo, deceased, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SAN BERNARDINO, a municipal entity, and DOES 1 through 10, inclusive, <br><br> Defendants. | **CASE NO.:** <br><br> **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** <br><br> 1. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)** <br><br> 2. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Substantive Due Process Violations)** <br><br> 3. **Violations of Civil Rights (Cal. Civ. Code § 52.1)** <br><br> 4. **Wrongful Death (Based on Battery)** <br><br> 5. **Wrongful Death (Based on Negligence)** |

1

## JURISDICTION AND VENUE

1. Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

3. Plaintiff SAMANTHA ARREDONDO is, and at all relevant times mentioned herein was, a resident of the County of San Bernardino and State of California. Plaintiff SAMANTHA ARREDONDO is the surviving biological mother of decedent SAMUEL ARREDONDO, who lost his life on Sunday January 11, 2023 in the deputy involved shooting that forms the basis of the instant civil action.

4. Defendant COUNTY OF SAN BERNARDINO ("COUNTY") is and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

5. Plaintiff is informed and believes, and there upon alleges, that Defendant DOE DEFENDANTS ("DOE DEFENDANTS") are, and at all relevant times mentioned herein were, residents of the County of San Bernardino and State of California. Further, at all times relevant to the acts and omissions herein alleged, Defendant DOE DEFENDANTS were sworn Sheriff's Department Deputies employed by the Defendant COUNTY and the San Bernardino Sheriff's Department.

6. On or around July 3, 2023 a timely Claim for Damages was submitted to the County of San Bernardino, in substantial compliance with California Government Code § 910, et seq. on behalf of the plaintiff. At the time of the filing of this Complaint, said Claim has been denied.

7. Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to them.

8. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants were legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matter herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

9. Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

10. Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

11. This Complaint concerns a fatal deputy-involved shooting which occurred at approximately 8:25 p.m. on Sunday January 11, 2023, at or around the 61700 block of Oleander Drive, in the City of Joshua Tree, in the County of San Bernardino. During the subject incident, heretofore unknown San Bernardino Sheriff's Department Deputies, while acting under the color of law and in the course and scope of their employment with the County of San Bernardino and the San Bernardino County Sheriff's Department, negligently assessed the circumstances presented to them, and then violently confronted SAMUEL ARREDONDO ("MR. ARREDONDO") without having probable cause or reasonable suspicion to believe that MR. ARREDONDO had

committed a crime, or would commit a crime in the future. Without warning as to the impending use of lethal force, DOE DEFENDANTS proceeded to assault and batter Mr. Arredondo by acts which included, but were not limited to, repeatedly and unjustifiably discharging department-issued firearms at the person of MR. ARREDONDO, inflicting multiple gunshot wounds to MR. ARREDONDO's person, which ultimately inflicted fatal injuries.

12. At no time during the course of these events did MR. ARREDONDO pose any reasonable or credible threat of violence to the responding deputies, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. MR. ARREDONDO suffered severe injuries as a direct and proximate result of the gunshot wounds inflicted upon his person by DOE DEFENDANTS, which, after an appreciable period of time had elapsed, proved to be fatal.

13. Upon information and belief, Plaintiff further contends that DOE DEFENDANTS was negligently hired, trained, and retained by the County of San Bernardino and the San Bernardino County Sheriff's Department, in that it was or should have been plainly obvious to the County of San Bernardino and the San Bernardino Sheriff's Department that DOE DEFENDANTS were dangerous and violent employees, prone to discharge firearms without reasonable justification, and in a manner that demonstrates callous disregard for the rights and safety of third parties, and to assault and batter, persons and/or use unnecessary, unreasonable, deadly, and/or unlawful physical force without reasonable justification, all of which was a further proximate cause of the fatal injuries sustained by MR. ARREDONDO as a result of the subject deputy-involved shooting incident. Plaintiff further contends that the death of Plaintiff's decedent and the injuries suffered by Plaintiff's decedent and Plaintiff were the proximate result of unconstitutional policies and customs of the County of San Bernardino and the San Bernardino County Sheriff's Department, which include, but are not limited to, unjustifiably using excessive force, unjustifiably using deadly force

against non-dangerous civilians and suspects, inadequately training and supervising patrol deputies with respect to the reasonable and proper use of deadly force, inadequately training and supervising patrol deputies with respect to the reasonable and proper Sheriff procedures for the arrest and detention of mentally ill suspects, as well as the deliberate and conscious approval, endorsement, and ratification of unconstitutional seizures, unconstitutional uses of deadly force, and other unconstitutional acts by authorized final policymakers within the County of San Bernardino and the San Bernardino County Sheriff's Department.

**FOR THE FIRST CAUSE OF ACTION**
**Against DOE DEFENDANTS For Violations of Civil Rights**
**[42 U.S.C. §1983]**
**(Based on Unreasonable Use of Deadly Force)**

14. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

15. This cause of action is in part brought on behalf of decedent SAMUEL ARREDONDO, by and through his Successors in Interest, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to SAMUEL ARREDONDO by the Fourth Amendment to the Constitution of the United States, which include, but are not limited to, the right to be free from unreasonable governmental seizures of his person.

16. Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendant COUNTY employed the individual Defendants named herein, including the heretofore unknown DOE DEFENDANTS. Defendant COUNTY provided its individual employees and agents with official badges and identification cards which designated as described the bearers as employees of the Defendant COUNTY and the San Bernardino County Sheriff 's Department.

17.     At all times relevant to the acts and omissions herein alleged, all individual defendant deputies were employed by the Defendant COUNTY and the San Bernardino County Sheriff's Department, and were acting under color of state law and in the course and scope of their employment with Defendant COUNTY and the San Bernardino County Sheriff's Department.

18.     During the afternoon hours of Sunday January 11, 2023, Plaintiff's decedent, SAMUEL ARREDONDO, a mentally ill man, was present at or around at or around the 61700 block of Oleander Drive, in the City Joshua Tree, when Defendant DOE DEFENDANTS, while acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino County Sheriff's Department, negligently assessed the circumstances presented to them, and proceeded to violently confront Plaintiff's decedent, SAMUEL ARREDONDO, without having probable cause or reasonable suspicion to believe that SAMUEL ARREDONDO had committed a crime, or would commit a crime in the future.

19.     Without warning as the impending use of lethal force, DOE DEFENDANTS proceeded to assault and batter SAMUEL ARREDONDO by acts which included, but were not limited to repeatedly and unjustifiably discharging department-issued firearms at the person of SAMUEL ARREDONDO in a manner that demonstrated deliberate indifference to his constitutional rights. After a significant and appreciable period of time had passed following the shooting, SAMUEL ARREDONDO died as a direct and proximate result of the gunshot wounds inflicted upon his person by Defendant DOE DEFENDANTS.

20.     At no time during the course of these events did SAMUEL ARREDONDO pose any reasonable or credible threat of death or serious bodily injury to DOE DEFENDANTS, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, SAMUEL ARREDONDO posed no reasonable or credible threat of death or serious bodily injury to DOE DEFENDANTS, nor to any

other individual. Both prior to and during the time in which he was shot dead, SAMUEL ARREDONDO made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable peace officer that he had the will, or the ability, to inflict substantial bodily harm upon any individual. Both prior to and during the time in which DOE DEFENDANTS shot and killed SAMUEL ARREDONDO, DOE DEFENDANTS were not faced with any circumstances which would have led a reasonable peace officer to believe that SAMUEL ARREDONDO posed an immediate threat of death or serious bodily injury to any person.

21. At all times mentioned herein, DOE DEFENDANTS acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant COUNTY. DOE DEFENDANTS deprived SAMUEL ARREDONDO of the rights, privileges and/or immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

22. SAMUEL ARREDONDO had the right to be free from unreasonable governmental seizures of his person, a right which was secured to SAMUEL ARREDONDO, by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. §1983. All of these interests were implicated by the wrongful conduct of DOE DEFENDANTS, which proximately caused the death of SAMUEL ARREDONDO.

23. Plaintiff is informed, believes, and thereon alleges, that in unreasonably seizing the person of SAMUEL ARREDONDO, as described in the foregoing paragraphs of this Complaint, DOE DEFENDANTS acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive SAMUEL ARREDONDO of his federally protected rights and privileges, and did in fact violate

the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against DOE DEFENDANTS in an amount to be proven at the trial of this matter.

24. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of DOE DEFENDANTS, SAMUEL ARREDONDO was shot and killed on January 11, 2023, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life prior to his death, all to his damage in a sum to be determined at trial.

25. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of DOE DEFENDANTS, SAMUEL ARREDONDO was required to employ, health care providers and/or medical practitioners to examine, treat, and care for him, and incurred expenses for emergent medical services and medical treatment and care prior to his death in an amount according to proof at trial.

26. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988. For such other and further relief as the Court deems just and proper.

**FOR THE SECOND CAUSE OF ACTION**
**BY THE PLAINTIFF**
**Against DOE DEFENDANTS For Violations of Civil Rights**
**[42 U.S.C. §1983]**
**(Based on Substantive Due Process Violations)**

27. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

28. This cause of action is to redress rights secured to SAMANTHA ARREDONDO, as well as decedent SAMUEL ARREDONDO through the Fourteenth Amendment to United States Constitution, and the provisions therein protecting citizens'

constitutional rights to be free from invasions of privacy and from unwarranted governmental deprivations into their rights of association with their family members.

29. In shooting and killing Plaintiff's decedent, as described herein, DOE DEFENDANTS acted in a manner unrelated to any legitimate law enforcement objective, and the manner in which DOE DEFENDANTS shot killed SAMUEL ARREDONDO, when he posed no reasonable threat of violence, would be considered to shock the conscience, considering the gratuitous and unnecessary amount of deadly force employed by DOE DEFENDANTS.  Moreover, the circumstances faced by DOE DEFENDANTS allowed ample time for DOE DEFENDANTS to deliberate as to the propriety of this deputy's actions prior to using deadly force, and before making the conscious decision to continue to use deadly force, which was not a snap judgment. Notwithstanding this DOE DEFENDANTS nevertheless made the deliberate decision to fire, and continue to fire, multiple rounds at MR. ARREDONDO in an unlawful manner as described herein.

30. Plaintiff is informed, believes, and thereon alleges that in unreasonably seizing the person of SAMUEL ARREDONDO, as described in the foregoing paragraphs of this Complaint, DOE DEFENDANTS acted outside the scope of DOE DEFENDANTS' jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive SAMUEL ARREDONDO of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against DOE DEFENDANTS in an amount to be proven at the trial of this matter.

31. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of DOE DEFENDANTS, SAMUEL ARREDONDO was shot and killed on January 11, 2023, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity,

embarrassment, apprehension, and loss of enjoyment of life prior to his death, and loss of the value of his life, all to his damage in a sum to be determined at trial.

32. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of DOE DEFENDANTS, SAMUEL ARREDONDO was required to employ, health care providers and/or medical practitioners to examine, treat, and care for him, and incurred expenses for emergent medical services and medical treatment and care prior to his death in an amount according to proof at trial.

33. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988. For such other and further relief as the Court deems just and proper.

### FOR THE THIRD CAUSE OF ACTION
### By THE PLAINTIFF
### Against DOE DEFENDANTS For Violations of Civil Rights
### [Cal Civ. Code Section 52.1]
### (Based on Civil Rights Violations)

34. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

35. This cause of action is to redress rights afforded to SAMUEL ARREDONDO under Cal Civ. Code Section 52.1 who suffered constitutional deprivations associated with the deputy involved shooting discussed in the foregoing paragraphs of this Complaint.

36. As described in the foregoing paragraphs of this Complaint, in detaining MR. ARREDONDO in an unreasonable manner, and later inflicting deadly force on multiple occasions, when the repeated instances of which were unnecessary and unjustified, DOE DEFENDANTS used excessive force on multiple occasions, independent of the coercion inherent in the detention as well as in the uses of deadly force which occurred after DOE DEFENDANTS used lethal force against SAMUEL ARREDONDO.

37. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of DOE DEFENDANTS, SAMUEL ARREDONDO was shot and killed on January 11, 2023, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life prior to his death, all to his damage in a sum to be determined at trial.

38. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of DOE DEFENDANTS, SAMUEL ARREDONDO was required to employ, health care providers and/or medical practitioners to examine, treat, and care for him, and incurred expenses for emergent medical services and medical treatment and care prior to his death in an amount according to proof at trial.

39. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to Cal. Civ. Code Section 57.1, et seq.

### FOR THE FOURTH CAUSE OF ACTION
**By THE PLAINTIFF**
**Against all Defendants for Wrongful Death**
**[Cal. Government Code §§ 815.2(a), 820(a)]**
**(Based on Battery)**

40. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

41. All claims asserted herein against the Defendant COUNTY are presented pursuant to the Defendant COUNTY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

42. During the subject incident, Plaintiff's decedent, SAMUEL ARREDONDO, was present at or around 61700 block of Oleander Drive in the City Joshua Tree in the County of San Bernardino, when DOE DEFENDANTS, while acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino Sheriff's Department, negligently addressed the

11

circumstances presented to them, and then violently confronted SAMUEL ARREDONDO, without having probable cause or reasonable suspicion to believe that SAMUEL ARREDONDO had committed a crime, or would commit a crime in the future. Without warning, DOE DEFENDANTS proceeded to assault and batter SAMUEL ARREDONDO by acts which included, but were not limited to repeatedly and unjustifiably discharging a department-issued firearm at the person of SAMUEL ARREDONDO, inflicting gunshot wounds, which proved to be fatal.

43. As a direct and proximate result of the above-mentioned conduct of DOE DEFENDANTS, SAMUEL ARREDONDO was shot on January 11, 2023. After surviving for an appreciable period of time following the shooting, SAMUEL ARREDONDO died as a direct and proximate result of the gunshot wounds inflicted upon his person by DOE DEFENDANTS.

44. At no time during the course of these events did SAMUEL ARREDONDO pose any immediate threat of death or serious bodily injury to DOE DEFENDANTS, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he shot dead, SAMUEL ARREDONDO made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable peace officer that he was armed with any kind of weapon, or had the will, or the ability, to inflict substantial bodily harm upon any individual. Both prior to and during the time in which DOE DEFENDANTS shot and killed SAMUEL ARREDONDO, DOE DEFENDANTS were not faced with any circumstances which would have lead a reasonable Sheriff's Deputy to believe that SAMUEL ARREDONDO posed and immediate threat of death or serious bodily injury to any person.

45. Plaintiff is informed, believe, and thereon allege that in shooting SAMUEL ARREDONDO, as described in the foregoing paragraphs of this Complaint, DOE DEFENDANTS acted outside the scope of their jurisdictions and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous

indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive SAMUEL ARREDONDO of his protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive damages against DOE DEFENDANTS in an amount to be proven at the trial of this matter.

46. As a direct and proximate result of the above-described conduct of DOE DEFENDANTS, and the ensuing death of SAMUEL ARREDONDO, Plaintiff herein, has sustained substantial economic and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, and financial support of SAMUEL ARREDONDO in an amount according to proof at trial.

47. As a further proximate result of the above-described conduct of DOE DEFENDANTS, and the ensuing death of SAMUEL ARREDONDO, Plaintiff has incurred funeral and burial expenses in an amount according to proof at trial.

### FOR THE FIFTH CAUSE OF ACTION
**By THE PLAINTIFF**
**Against all Defendants for Wrongful Death**
**[Cal. Government Code §§ 815.2(a), 820(a)]**
**(Based on Negligence)**

48. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

49. All claims asserted herein against the Defendant COUNTY are presented pursuant to the Defendant COUNTY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

50. At approximately 8:25 p.m. on January 11, 2023, Plaintiff's decedent SAMUEL ARREDONDO, was present at or around the 61700 block of Oleander Drive in the City Joshua Tree in the County of San Bernardino, when DOE DEFENDANTS,

while acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino Sheriff's Department, negligently assessed the circumstances presented to them, and then violently confronted Plaintiff's decedent, SAMUEL ARREDONDO, without having probable cause or reasonable suspicion to believe that SAMUEL ARREDONDO had committed a crime, or would commit a crime in the future. Without warning, DOE DEFENDANTS proceeded to negligently discharge their department-issued firearms at the person of SAMUEL ARREDONDO, inflicting multiple gunshot wounds, which proved to be fatal. After a significant and appreciable period of time had passed following the shooting, SAMUEL ARREDONDO died as a direct and proximate result of the gunshot wounds negligently inflicted upon his person by DOE DEFENDANTS.

51. At no time during the course of these events did SAMUEL ARREDONDO pose any immediate threat of death or serious bodily injury to DOE DEFENDANTS, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, SAMUEL ARREDONDO was not armed with any kind of weapon, and posed no immediate threat of death or serious bodily injury to DOE DEFENDANTS, nor to any other individual. Both prior to and during the time in which he was shot dead, SAMUEL ARREDONDO made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable peace officer that he was armed with any kind of weapon, or had the will, or the ability, to inflict substantial bodily harm upon any individual. Both prior to and during the time, in which DOE DEFENDANTS shot and killed SAMUEL ARREDONDO, DOE DEFENDANTS, were not faced with any circumstances which would have lead a reasonable peace officer to believe that SAMUEL ARREDONDO posed an immediate threat of death or serious bodily injury to any person.

52. Plaintiff is informed, believes, and thereon alleges that on and before January 11, 2023, DOE DEFENDANTS had a duty to exercise the reasonable and

ordinary care which would be expected of similarly situated peace deputies in the use of deadly force, and a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace deputies in the execution of Sheriff tactics and Sheriff procedures in approaching and/or detaining or arresting civilians and suspects who do not pose an immediate threat of death or serious bodily harm to any person. Notwithstanding each of these duties, upon information and belief DOE DEFENDANTS failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently failing to utilize additional departmental resources during the incident involving SAMUEL ARREDONDO, negligently failing to utilize available forms of cover during the incident involving SAMUEL ARREDONDO, negligently failing to maintain a position of tactical advantage during the incident involving SAMUEL ARREDONDO, negligently failing to communicate and/or effectively communicate with SAMUEL ARREDONDO, and with other departmental personnel and resources, during the incident involving SAMUEL ARREDONDO, negligently failing to utilize and/or appropriately utilize less lethal force options and other alternatives less intrusive than deadly force during the incident involving SAMUEL ARREDONDO, negligently failing to deescalate the situation involving SAMUEL ARREDONDO, negligently employing a tactical response to the situation involving SAMUEL ARREDONDO that resulted in the unnecessary and preventable shooting of SAMUEL ARREDONDO, negligently failing to determine the fact that SAMUEL ARREDONDO posed no immediate threat of death or serious bodily injury to any person when he was shot and killed, negligently inflicting physical injury upon SAMUEL ARREDONDO, as described herein, and negligently employing deadly force against SAMUEL ARREDONDO when the same was unnecessary and unlawful. All of these negligent acts proximately cause SAMUEL ARREDONDO'S death on January 11, 2023.

53. As a proximate result of the above-described conduct of the Defendants, and each of them, SAMUEL ARREDONDO was shot and killed on January 11, 2023.

54. As a direct and proximate result of the above-described conduct of the Defendants and the ensuing death of SAMUEL ARREDONDO , Plaintiff's decedent herein, Plaintiff has sustained substantial damages resulting from the loss of the love, companionship, comfort, care, assistance, protection affection, society, moral support, training, guidance, services, earnings, and financial support of SAMUEL ARREDONDO in an amount according to proof at trial, and have incurred substantial funeral and burial expenses.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For funeral and burial related expenses according to proof at trial;
2. For compensatory damages, including wrongful death damages and surviving damages, in an amount according to proof at trial;
3. For costs of suit incurred herein;
4. For attorneys' fees incurred herein, as provided by law;
5. For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and
6. For such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands that a jury be impaneled for the trial of this matter.

DATED: January 23, 2024   Respectfully submitted,

        **THE COCHRAN FIRM CALIFORNIA**

        By: /s/ Brian T. Dunn
        BRIAN T. DUNN
        Attorneys for Plaintiff

16

# ATTACHMENTS

**Declaration of Samantha Arredondo**

1. The decedent's name who is the subject of this action is SAMUEL ARREDONDO.

2. On January 11, 2023, SAMUEL ARREDONDO lost his life at or around the 61700 block of Oleander Drive, in the City of Joshua Tree, County of San Bernardino.

3. No proceeding is now pending in California for the administration of the decedent's estate.

4. I am the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the instant wrongful death action.

5. No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Samantha Arredondo*

Samantha Arredondo
Declarant

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY of SAN BERNARDINO
### DEPARTMENT OF PUBLIC HEALTH
351 N. MT. VIEW AVENUE, SAN BERNARDINO, CALIFORNIA 92415-0010

## CERTIFICATE OF DEATH
STATE OF CALIFORNIA

STATE FILE NUMBER: 3052023044973
LOCAL REGISTRATION NUMBER: 3202336002353
1 OF 2

**DECEDENT'S PERSONAL DATA**
- 1. NAME OF DECEDENT—FIRST (Given): SAMUEL
- 2. MIDDLE: GARRETT
- 3. LAST (Family): ARREDONDO
- 4. DATE OF BIRTH: 10/13/1988
- 5. AGE Yrs: 34
- 6. SEX: M
- 7. DATE OF DEATH: 01/11/2023
- 8. HOUR (24 Hours): 2112
- 9. BIRTH STATE/FOREIGN COUNTRY: CA
- 10. SOCIAL SECURITY NUMBER: 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
- 11. EVER IN U.S. ARMED FORCES?: NO (X)
- 12. MARITAL STATUS: NEVER MARRIED
- 13. EDUCATION: 11
- 14. WAS DECEDENT HISPANIC/LATINO/SPANISH?: YES — HISPANIC
- 16. DECEDENT'S RACE: CAUCASIAN
- 17. USUAL OCCUPATION: PAINTER
- 18. KIND OF BUSINESS OR INDUSTRY: CONSTRUCTION
- 19. YEARS IN OCCUPATION: 3
- 20. DECEDENT'S RESIDENCE: 61451 VERBENA ROAD #8B
- 21. CITY: JOSHUA TREE
- 22. COUNTY/PROVINCE: SAN BERNARDINO
- 23. ZIP CODE: 92252
- 24. YEARS IN COUNTY: 15
- 25. STATE/FOREIGN COUNTRY: CA

**INFORMANT**
- 26. NAME, RELATIONSHIP: SAMANTHA EILEEN ARREDONDO, MOTHER
- 27. INFORMANT'S MAILING ADDRESS: 61451 VERBENA ROAD #8B, JOSHUA TREE, CA 92252

**SPOUSE/SRDP AND PARENT INFORMATION**
- 28. NAME OF SURVIVING SPOUSE/SRDP–FIRST: -
- 29. MIDDLE: -
- 30. LAST (BIRTH NAME): -
- 34. BIRTH STATE: CA
- 31. NAME OF FATHER/PARENT–FIRST: DANIEL
- 32. MIDDLE: PAUL
- 33. LAST: ARREDONDO
- 38. BIRTH STATE: CA
- 35. NAME OF MOTHER/PARENT–FIRST: SAMANTHA
- 36. MIDDLE: EILEEN
- 37. LAST (BIRTH NAME): FISHER

**FUNERAL DIRECTOR/LOCAL REGISTRAR**
- 39. DISPOSITION DATE: 03/03/2023
- 40. PLACE OF FINAL DISPOSITION: MONTECITIO MEMORIAL PARK, 3520 E WASHINGTON ST, COLTON, CA 92324
- 41. TYPE OF DISPOSITION: BURIAL
- 42. SIGNATURE OF EMBALMER: NOT EMBALMED
- 43. LICENSE NUMBER: -
- 44. NAME OF FUNERAL ESTABLISHMENT: HIGH DESERT FUNERAL CHAPEL AND CREMATION
- 45. LICENSE NUMBER: FD2025
- 46. SIGNATURE OF LOCAL REGISTRAR: MICHAEL A. SEQUEIRA, MD
- 47. DATE: 03/02/2023

**PLACE OF DEATH**
- 101. PLACE OF DEATH: HI-DESERT MEDICAL CENTER
- 102. IF HOSPITAL, SPECIFY ONE: ER/OP
- 104. COUNTY: SAN BERNARDINO
- 105. FACILITY ADDRESS OR LOCATION WHERE FOUND: 6601 WHITE FEATHER RD
- 106. CITY: JOSHUA TREE

**CAUSE OF DEATH**
- 107. CAUSE OF DEATH:
  - IMMEDIATE CAUSE (A): GUNSHOT WOUND OF THE TORSO
- Time Interval Between Onset and Death: MINS
- 108. DEATH REPORTED TO CORONER?: YES
- INTERNAL NUMBER: 702300327
- 109. BIOPSY PERFORMED?: NO
- 110. AUTOPSY PERFORMED?: YES
- 111. USED IN DETERMINING CAUSE?: YES
- 112. OTHER SIGNIFICANT CONDITIONS: NONE
- 113. WAS OPERATION PERFORMED: NO
- 113a. DECEDENT PREGNANT IN LAST YEAR?: NO

**PHYSICIAN'S CERTIFICATION** (blank)

**CORONER'S USE ONLY**
- 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED... MANNER OF DEATH: Homicide (X)
- 120. INJURED AT WORK?: NO
- 121. INJURY DATE: 01/11/2023
- 122. HOUR (24 Hours): 2037
- 123. PLACE OF INJURY: OTHER: RESIDENCE
- 124. DESCRIBE HOW INJURY OCCURRED: SHOT BY LAW ENFORCEMENT OFFICER(S) DURING INTERVENTION.
- 125. LOCATION OF INJURY: 61740 OLEANDER DR, JOSHUA TREE, CA 92252
- 126. SIGNATURE OF CORONER / DEPUTY CORONER: MERCEDES PADILLA
- 127. DATE: 02/08/2023
- 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER: MERCEDES PADILLA, DEP CORONER

---

**CERTIFIED COPY OF VITAL RECORD**

STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO } SS
DATE ISSUED: JAN 2 2 2024

This is a true and exact reproduction of the document officially registered and placed on file in the VITAL RECORDS SECTION, SAN BERNARDINO DEPARTMENT OF PUBLIC HEALTH.

Michael A. Sequeira, MD
MICHAEL A. SEQUEIRA, M.D.
COUNTY HEALTH OFFICER
REGISTRAR OF VITAL STATISTICS

This copy not valid unless prepared on engraved border displaying the date, seal and signature of Registrar.

*003257997*

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY of SAN BERNARDINO
### DEPARTMENT OF PUBLIC HEALTH
351 N. MT. VIEW AVENUE, SAN BERNARDINO, CALIFORNIA 92415-0010

**AFFIDAVIT TO AMEND A RECORD**
NO ERASURES, WHITEOUTS, PHOTOCOPIES, OR ALTERATIONS

STATE FILE NUMBER: 3052023044973
LOCAL REGISTRATION NUMBER: 3202336002353   2 OF 2
1.1

☐ BIRTH   ☒ DEATH   ☐ FETAL DEATH

TYPE OR PRINT CLEARLY IN BLACK INK ONLY – THIS AMENDMENT BECOMES AN ACTUAL PART OF THE OFFICIAL RECORD

## PART I – INFORMATION TO LOCATE RECORD

| 1A. NAME—FIRST | 1B. MIDDLE | 1C. LAST |
|---|---|---|
| SAMUEL | GARRETT | ARREDONDO |

| 2. SEX | 3. DATE OF EVENT—MM/DD/CCYY | 4. CITY OF EVENT | 5. COUNTY OF EVENT |
|---|---|---|---|
| M | 01/11/2023 | JOSHUA TREE | SAN BERNARDINO |

| 6. FULL NAME OF FATHER/PARENT AS STATED ON ORIGINAL RECORD | 7. FULL NAME OF MOTHER/PARENT AS STATED ON ORIGINAL RECORD |
|---|---|
| DANIEL PAUL ARREDONDO | SAMANTHA EILEEN FISHER |

## PART II – STATEMENT OF CORRECTIONS TO BIRTH, DEATH, OR FETAL DEATH RECORD

| 8. ITEM NUMBER TO BE CORRECTED | 9. INCORRECT INFORMATION THAT APPEARS ON ORIGINAL RECORD | 10. CORRECTED INFORMATION AS IT SHOULD APPEAR |
|---|---|---|
| 12 | NEVER MARRIED | DIVORCED |

**11. REASON FOR CORRECTION:** UPDATED INFORMATION

### AFFIDAVITS AND SIGNATURES

We, the undersigned, hereby certify under penalty of perjury that we have personal knowledge of the above facts and that the information given above is true and correct.

| 12A. SIGNATURE OF FIRST PERSON | 12B. PRINTED NAME | 12C. TITLE/RELATIONSHIP TO PERSON IN PART I |
|---|---|---|
| GRACIE A SANDEZ | GRACIE A SANDEZ | EDRS CLERK |

| 12D. ADDRESS | 12E. DATE SIGNED |
|---|---|
| 128 NORTH RIVERSIDE AVE, RIALTO, CA 92376 | 03/08/2023 |

| 13A. SIGNATURE OF SECOND PERSON | 13B. PRINTED NAME | 13C. TITLE/RELATIONSHIP TO PERSON IN PART I |
|---|---|---|
| PATRICIA ROBLES | PATRICIA ROBLES | FUNERAL HOME STAFF LEVEL |

| 13D. ADDRESS | 13E. DATE SIGNED |
|---|---|
| 128 NORTH RIVERSIDE AVE, RIALTO, CA 92376 | 03/08/2023 |

| 14. OFFICE OF VITAL RECORDS OR LOCAL REGISTRAR | 15. DATE ACCEPTED FOR REGISTRATION |
|---|---|
| CDPH-VR | 03/08/2023 |

FORM VS 24e (REV. 1/08)   1.1

### CERTIFIED COPY OF VITAL RECORD

STATE OF CALIFORNIA } ss
COUNTY OF SAN BERNARDINO

DATE ISSUED: JAN 2 2 2024

This is a true and exact reproduction of the document officially registered and placed on file in the VITAL RECORDS SECTION, SAN BERNARDINO DEPARTMENT OF PUBLIC HEALTH.

MICHAEL A. SEQUEIRA, M.D.
COUNTY HEALTH OFFICER
REGISTRAR OF VITAL STATISTICS

This copy not valid unless prepared on engraved border displaying the date, seal and signature of Registrar.
PBNCO (Rev) 06/21


*003257996*

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE